## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ROBERT RICHARD LUCAS,**　　　*

　　　**Plaintiff,**　　　　　　*　　**CIVIL ACTION FILE**

**V.**　　　　　　　　　　　　*　　**NO: <u>1:10-CV-0043</u>**

**CITY OF BRASWELL, GEORGIA;** *
**WALTER A. WILLIAMS; RICHARD**
**FENNELL, and ALLEN FENNELL.** *

　　　**Defendants.**　　　　　*

## <u>ANSWER OF DEFENDANT ALLEN FENNELL</u>

COMES NOW **ALLEN FENNELL** ("Defendant") and answers Plaintiff's

Complaint as follows:

## <u>FIRST DEFENSE</u>

Plaintiff's Complaint fails to state a claim against this Defendant upon which

relief may be granted.

## <u>SECOND DEFENSE</u>

Plaintiff's Complaint fails against this Defendant on the legal doctrines of

payment, laches, and immunity.

## <u>THIRD DEFENSE</u>

This Defendant responds to the individually numbered paragraphs of

Plaintiff's Complaint as follows:

1.

This Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

This Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

This Defendant admits that Walter A. Williams is a resident of Paulding County, Georgia. This Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

This Defendant admits that Richard Fennell resides at 2465 Eastern Avenue, Rockmart, Georgia 30153. This Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

This Defendant admits that Richard Fennell has been a duly elected mayor of the City of Braswell, Georgia. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant admits that Allen Fennell resides at 2459 Eastern Avenue, Rockmart, Georgia 30153. This Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant admits that Allen Fennell is and has been the City Manager for the City of Braswell, Georgia. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

## 11.

This Defendant admits that the City of Braswell is a municipality organized pursuant to the Georgia Constitution. This Defendant admits that the City of Braswell may through its mayor at 6997 Braswell Mountain Road, Rockmart, Georgia 30153. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

## 12.

This Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

## 13.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of what Lucas alleges. This denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

## 14.

This Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## 15.

This Defendant admits that the lands of the City of Braswell lie in both Polk and Paulding County, Georgia. This Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

This Defendant admits that the City of Braswell has its own police department and that it employs on a part-time basis a chief of police, a lieutenant and three officers. This Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

This Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained in Paragraph 20 of

Plaintiff's Complaint.

21.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

This Defendant admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

This Defendant admits that in or about October of 2006 the city council for the City of Braswell promoted Lucas to chief of police. This Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant admits the allegations contained in Paragraph 26 of

Plaintiff's Complaint.

27.

This Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.

This Defendant admits the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.

In or about March 2007 Defendant Richard Fennell on behalf of the City of Braswell, authorized Lucas to purchase one or two police vehicles on behalf Braswell Police Department. This Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

This Defendant admits the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

This Defendant admits that Allen Fennell was aware that Richard Fennell authorized Lucas to purchase two vehicles on behalf of Braswell Police Department. The remaining allegations contained in Paragraph 31 of Plaintiff's

Complaint are denied by this Defendant.

32.

This Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained in Paragraph 33 as stated.

34.

This Defendant admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies the allegations contained in Paragraph 35 as stated.

36.

This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

This Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

This Defendant is without knowledge or information as to what Lucas agreed to do with the City of Powder Springs. This Defendant denies that Richard Fennell authorized Lucas to buy any vehicle on behalf of Braswell Police Department with Lucas' own money or that Richard

Fennell promised that Braswell would reimburse him.

## 41.

This Defendant admits that Carlos McConnell was employed as a part-time lieutenant by the Braswell Police Department. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

## 42.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## 43.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Complaint.

## 44.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Complaint.

## 45.

This Defendant admits the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

This Defendant denies the allegations contained in Paragraph 46 as stated.

47.

This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

This Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.

This Defendant is without knowledge or information regarding any checks obtained by McConnell with the "City of Braswell" on the check. This Defendant denies the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

This Defendant denies that the City of Braswell had any obligation to reimburse Lucas. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiff's Complaint.

## 51.

This Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

## 52.

This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## 53.

This Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## 54.

This Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

## 55.

This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

## 56.

This admits that the 2002 Crown Victoria was placed in service with the Braswell Police Department. This Defendant admits that Plummer used the vehicle during the course and scope of his employment with the Braswell Police Department.

57.

This Defendant objects to the allegations contained in Paragraph 57 of Plaintiff's Complaint in that it presumes that the City of Braswell owed an obligation to Lucas which it denies, thus the allegations contained in Paragraph 57 of Plaintiff's Complaint are denied.

58.

This Defendant admits the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

This Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

This Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

This Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

This Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.

This Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

This Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

This Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

This Defendant admits that the City of Braswell appointed Williams as acting police chief.  This Defendant denies the each and every other allegation contained in Paragraph 66 of Plaintiff's Complaint.

67.

This Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.

This Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.

This Defendant admits that the last known location of the 2002 Ford Crown

Victoria police cruiser was at its Officer Plummer's house.  This Defendant denies each and every other allegation contained in Paragraph 69 of Plaintiff's Complaint.

70.

This Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

This Defendant admits that Williams, upon investigation, determined that Lucas had taken the 2002 Ford Crown Victoria to a used car/salvage operator/junk yard, and inquired about trading the vehicle for a truck. ???????Williams told the vehicle dealer that the 2002 Crown Victoria was property of the City of Braswell and that the vehicle had been stolen.  This Defendant denies each and every other allegation contained in Paragraph 71 of Plaintiff's Complaint.

72.

This Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.

This Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

This Defendant denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.

This Defendant admits that a replacement title was issued for the 2002 Ford Crown Victoria on December 21, 2007.  This Defendant denies the remaining allegations of Paragraph 75 of Plaintiff's Complaint.

76.

This Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.

This Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78.

This Defendant denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.

This Defendant admits the allegations contained in Paragraph 78 of Plaintiff's Complaint.

80.

This Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

81.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.

This Defendant admits that Floyd County Police Officer Carl Lively called Williams. This Defendant denies the remaining allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.

This Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.

This Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.

This Defendant admits that Williams took out an arrest warrant for Lucas alleging

that Lucas had stolen the 2002 Ford Crown Victoria from its rightful owner, the City of Braswell, in or about November, 2007. This Defendant denies each and every other allegation contained in Paragraph 87 of Plaintiff's Complaint.

88.

This Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.

This Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.

This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.

This Defendant admits that following a preliminary hearing in Paulding County Magistrate Court, the Judge dismissed the warrant. This Defendant denies each and every other allegation contained in Paragraph 94 of Plaintiff's Complaint.

95.

This Defendant denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96.

This Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of Plaintiff's Complaint.

COUNT I

98.

This Defendant adopts and reincorporates by reference all previous defenses and responses in Paragraphs 1 through 97 as if set out fully herein.

99.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.

This Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.

This Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.

This Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.

This Defendant denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.

This Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.

This Defendant denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

## 106.

This Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

## COUNT II

## 107.

This Defendant adopts and reincorporates by reference all previous defenses and responses in Paragraphs 1 through 106 as if set out fully herein.

## 108.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of Plaintiff's Complaint.

## 109.

This Defendant admits the allegations contained in Paragraph 109 of Plaintiff's Complaint.

## 110.

This Defendant denies the allegations contained in Paragraph 110 of

Plaintiff's Complaint.

## 111.

This Defendant admits that the warrant application for Lucas was terminated in his favor when the Paulding County Magistrate Judge dismissed the warrant. This Defendant denies each and every other allegation contained in Paragraph 111 of Plaintiff's Complaint.

## 112.

This Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

## 113.

This Defendant denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

## 114.

This Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

## 115.

This Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

## 116.

This Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

## 117.

This Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

## 118.

This Defendant denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

## COUNT III

## 119.

This Defendant adopts and reincorporates by reference all previous defenses and responses in Paragraphs 1 through 119 as if set out fully herein.

## 120.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of Plaintiff's Complaint.

## 121.

This Defendant admits that Williams was acting as chief of police when he initiated a warrant against Lucas for stealing the Braswell City Police Department's

2002 Ford Crown Victoria vehicle. This Defendant denies each and every other allegation contained in Paragraph 121 of Plaintiff's Complaint.

### 122.

This Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

### 123.

This Defendant admits that Allen Fennell City Manager of the City of Braswell when he participated in the city's prosecution of the theft of its police vehicle against Lucas. This Defendant denies each and every other allegation contained in Paragraph 123 of Plaintiff's Complaint.

### 124.

This Defendant denies the allegations contained in Paragraph 124 of Plaintiff's Complaint.

### 125.

This Defendant denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

### 126.

This Defendant denies the allegations contained in Paragraph 126 of

Plaintiff's Complaint.

127.

This Defendant denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

COUNT IV

128.

This Defendant adopts and reincorporates by reference all previous defenses and responses in Paragraphs 1 through 128 as if set out fully herein.

129.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.

This Defendant admits that Williams was acting as chief of police when he initiated a warrant against Lucas for stealing the Braswell City Police Department's 2002 Ford Crown Victoria vehicle. This Defendant denies each and every other allegation contained in Paragraph 130 of Plaintiff's Complaint.

131.

This Defendant denies the allegations contained in Paragraph 131 of

Plaintiff's Complaint.

132.

This Defendant admits that Allen Fennell City Manager of the City of Braswell when he participated in the city's prosecution of the theft of its police vehicle against Lucas.  This Defendant denies each and every other allegation contained in Paragraph 132 of Plaintiff's Complaint.

133.

This Defendant denies the allegations contained in Paragraph 133 of Plaintiff's Complaint.

134.

This Defendant denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.

This Defendant denies the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.

This Defendant denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

All Paragraphs (A), (B), (C), (D), (E), (F), (G), (H), (I), the prayers of

Plaintiff's Complaint below Paragraph 136 denoted Paragraph (A) through (I).

This 1st day of February, 2010.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By: /s/ C. King Askew
     C. KING ASKEW, ESQ.
     Georgia Bar No: 025400

By: /s/ Mark M.J. Webb
     MARK M.J. WEBB, ESQ.
     Georgia Bar No: 744639
     Attorneys for Defendants

PO Box 5007
Rome, Georgia 30162-5007
(706) 291-8853
(706) 234-3574 (*fax*)

## CERTIFICATE OF SERVICE

This is to certify this day that I am counsel for the Defendant in the

above-captioned matter and that I have this day served the above and foregoing

**ANSWER OF DEFENDANT ALLEN FENNELL** upon all parties herein by mailing a

copy of the same in a properly addressed envelope with adequate postage affixed thereon

or by electronic filing to the following:

William J. Atkins, Esq.
Atkins & Attwood, LLC
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339

Natalie Woodward,, Esq.
Woodward & Stern, LLC
1131 Canton Street
Roswell, Georgia 30075

This 1ˢᵗ day of February, 2010.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

BY:    /s/ Mark M.J. Webb
         MARK M. J. WEBB, ESQ.
         Georgia Bar No: 744639
         *Attorneys for Defendant*

P.O. Box 5007
Rome, Georgia 30162-5007
(706) 291-8853 (Phone)
(706) 234-3574 (Fax)