## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

ROBERT RICHARD LUCAS,

    Plaintiff,

v.

CITY OF BRASWELL, GEORGIA,
WALTER A. WILLIAMS, RICHARD
FENNELL, and ALLEN FENNELL,

    Defendants.

CIVIL ACTION FILE NO.:
4:10-CV-0030-HLM

## DEFENDANTS CITY OF BRASWELL, GEORGIA, WALTER A. WILLIAMS, AND ALLEN FENNELL'S SUPPLEMENTAL TRIAL BRIEF

Pursuant to the Court's Order dated November 8, 2010, Defendants City of Braswell, Georgia (sometimes herein referred to as "Braswell"), Walter A. Williams, and Allen Fennell (collectively, "These Defendants") submit this Supplemental Trial Brief. For the reasons listed below, These Defendants are entitled to a directed verdict on Plaintiff Robert Richard Lucas' claims for malicious prosecution and false arrest under 42 U.S.C. § 1983 and Georgia state law.

**I.    STATEMENT OF THE ISSUES.**

    A.    Did Williams and Allen Fennell have probable cause to arrest Plaintiff

for the crime of theft-by-taking? If so, Plaintiff's § 1983 and state law claims for false arrest and malicious prosecution fail as a matter of law.

B.    If Williams and Allen Fennell had arguable probable cause to arrest a suspect, they are entitled to the defense of qualified immunity for false arrest and malicious prosecution under § 1983.   Based on the facts and circumstances known to them, could Williams and Allen Fennell reasonably have believed that arguable probable cause exited to arrest Plaintiff? If so, Defendants Williams and Allen Fennell are entitled to qualified immunity from Plaintiff's § 1983 claims.

As demonstrated in Part IV below, the answer to each of these questions is "yes."

## II.    SUMMARY OF THE ARGUMENT.

Plaintiff has asserted claims for false arrest and malicious prosecution under 42 U.S.C. § 1983 and Georgia state law—arising out of his arrest on January 9, 2008 for theft-by-taking of a Patrol Car—against Defendants City of Braswell, Walter Williams, and Allen Fennell. (Pl.'s Compl. ¶¶ 98-136 (Jan. 7, 2010).) Simply put, because These Defendants had probable cause to arrest Plaintiff, each of Plaintiff's claims fails as a matter of law. Even if probable cause did not exist,

These Defendants are protected by the doctrines of sovereign immunity, official immunity, and qualified immunity.

Plaintiff was arrested at the conclusion of an investigation conducted by Williams which revealed that: (1) Lieutenant McConnell of the Braswell Police Department ("BPD") delivered a Cashier's Check in the amount of $1,500 (listing City of Braswell as the remitter of funds and made payable to the City of Powder Springs) to Williams (at that time a City of Powder Springs police Sargent who was in charge of selling Powder Springs Police Department's surplus property) for the purchase of the Patrol Car; (2) Williams, acting on behalf of the City of Powder Springs, and Lt. McConnell, acting on behalf of Braswell, signed the original Bill of Sale for a Patrol Car; (3) a copy of the mutually executed Bill of Sale and the Original Title to the Patrol Car was hand delivered to the Chief of Police of the City of Braswell at BPD headquarters while the Chief was in uniform; (4) the City of Braswell wrote Plaintiff a check for $3,000 for the purchase of police vehicles; (5) a December 17, 2007 Georgia Crime Information Center ("GCIC") report confirmed that the Patrol Car was not, and had never been, registered in Plaintiff's name; (6) for approximately eight months—from the time the Patrol Car was purchased from the City of Powder Springs until Plaintiff wrongfully took possession of the Patrol Car in November of 2008—the Patrol Car was used as a

police vehicle by the BPD;[1] (7) the Patrol Car was involved in an accident on September 15, 2007, and the Georgia Motor Vehicle Accident Report listed the owner of the Patrol Car as the City of Braswell and showed the Patrol Car was insured by a policy covering the City of Braswell vehicles; (8) after Plaintiff was terminated as the Chief of Police for the City of Braswell Plaintiff—without permission—took the Patrol Car from the home of a City of Braswell police officer while the officer was out-of-town; and (9) after obtaining possession of the Patrol Car, Plaintiff attempted to trade two Ford Crown Victorias to Precinct One Auto Sales, Inc. for a Ford truck.[2] Based on these facts, none of which are disputed by

---

[1] Furthermore, contrary to Plaintiff's contentions, it would have been unlawful for Plaintiff—as a private individual—to own and operate the Patrol Car in the condition in which it was received from the City of Powder Springs. Pursuant to O.C.G.A. § 40-8-90, it is unlawful for a private individual to own a patrol car equipped with blue lights unless such vehicle is leased to a municipality or other law enforcement agency. The facts do not indicate, and Plaintiff does not allege, that the Patrol Car was leased to the City of Braswell. (*See generally* Pl.'s Compl.)

[2] Even under Plaintiff's version of the case, the facts set forth above are not in dispute. Instead, Plaintiff simply contends that the Patrol Car was purchased with money advanced to the City of Braswell and therefore, Plaintiff took the Patrol Car because he had not been repaid the money he allegedly advanced for the purchase of the Patrol Car. Plaintiff does not contend that he is a secured party, that he obtained a security interest in the Patrol Car, or marked his lien on the title to the Patrol Car, or took any other actions which vested him with a legally recognizable right to repossess the Patrol Car or engage in any "self help" remedies under Georgia's version of the UCC. *See* O.C.G.A. § 11-9-609 (granting a "secured party" the right to repossess collateral); O.C.G.A. § 11-9-102(a)(71)

Plaintiff, a warrant for the arrest of Plaintiff for the crime of theft-by-taking was issued on December 22, 2007. Plaintiff was arrested on January 9, 2008.

Plaintiff asserts that no probable cause existed for These Defendants to believe that Plaintiff committed the crime of theft-by-taking. But because the facts show that probable cause existed for a reasonable officer to believe that Plaintiff committed the offense of theft-by-taking, and because These Defendants acted without malice, Plaintiff's claims fail. Even if Plaintiff could show a genuine issue of material fact, Plaintiff's claims are barred by the doctrines of sovereign immunity, official immunity, and qualified immunity. As such, this Court should grant a directed verdict in favor of These Defendants.

## III. FACTUAL SUMMARY.

These Defendants base this factual summary on their exhibits, as listed in the Proposed Pre-trial Order, Plaintiff's exhibits, as listed in the Proposed Pre-trial Order, and the anticipated testimony of witnesses to be called at trial.

---

(defining "secured party"); *Hill v. Federal Employees Credit Union*, 193 Ga. App. 44, 45 (1989) (holding that a secured party who obtained a security interest in the vehicle pursuant to a signed security agreement and who perfected such security interest by having its name appear on the certificate of title as a lienholder was entitled to reposses the vehicle upon borrower's default). Equally important—assuming for a moment that Plaintiff's version of the facts are correct—Williams and Allen Fennell had no knowledge of Richard Fennell's alleged failure to provide Lucas with the $3,000 check or its proceeds.

During the time period relevant to the above-captioned matter, Allen Fennell was the City Manager of Braswell.[3]  Richard Fennell was the Mayor of Braswell. Plaintiff was the Chief of the Braswell Police Department ("BPD").  Williams was a part-time police officer for BPD and was later promoted to Chief after the firing of Plaintiff.  Williams also served as a police officer for the Powder Springs Police Department ("PSPD").  Also, after leaving the PSPD in late June of 2007, Williams worked at Hardy Chevrolet in Dallas, Georgia.  As part of his duties as a police officer for the PSPD, Williams was in charge of selling PSPD's surplus property.

In March 2007, Williams, while working with PSPD, alerted Chief Lucas of the Braswell Police Department that PSPD intended to sell its surplus police vehicles[4] at a public auction.  Williams asked Chief Lucas if he would like to reserve any cars for Braswell.  Chief Lucas responded that the BPD would like a vehicle. Williams held back a fully equipped[5] 2002 Ford Crown Victoria ("Patrol

_____

[3]Near the beginning of 2007, Allen Fennell fell off a ladder and was severely injured.  From the beginning of 2007 until around September 2007, he was not actively involved in the day-to-day management of the City of Braswell.

[4]It was PSPD's policy not to sell police cars with any police equipment to the general public.  However, PSPD would leave police equipment in the police cars if they sold the cars to other law enforcement agencies.

[5] The Patrol Car was equipped with a custom eyewitness video system, pro audio transmitter, custom VCR box, single blue strobe light, double blue strobe

Car") from the scheduled March 10, 2007 auction for purchase by the City of Braswell.

On March 12, 2007, Lieutenant McConnell of BPD, met Williams at his home because McConnell was unfamiliar with the location of the City of Powder Springs surplus vehicles. Williams drove McConnell to the City of Powder Springs Public Works Department. McConnell handed Williams a cashier's check issued by First National Bank of Polk County ("Cashier's Check"). The Cashier's Check listed the remitter of the funds as the City of Braswell and was made payable to the City of Powder Springs in the amount of $1,500. McConnell, signing on behalf of the City of Braswell, and Williams signing on behalf of the City of Powder Springs, executed a bill of sale ("Bill of Sale") for the Patrol Car. McConnell requested that Williams deliver the Original Title and Bill of Sale to Chief Lucas. McConnell then drove off with the Patrol Car.

Around July 2007, Andrew Plummer, a BPD officer, drove to Hardy Chevrolet and requested that Williams give him the Title and a Bill of Sale to deliver to Chief Lucas. Williams, who didn't have the documents with him, replied that he would be working for BPD the next week, and would deliver the

---

light, double top blue strobe light, siren and light control box, and a center console. These items would not be include on any vehicle not being sold to a law enforcement agency.

documents to Chief Lucas.[6]  Williams gave the Original Title and the Bill of

Sale—stapled together—to Plaintiff (the Chief of Police of the City of Braswell) at

BPD headquarters while Plaintiff was in uniform.

On November 19, 2010, the Braswell City Council unanimously voted to

fire Plaintiff as the Chief of BPD.  After he was fired, Plaintiff went to Plummer's

home and took the Patrol Car while Plummer was out-of-town.  The Patrol Car was

never returned to the City of Braswell. On November 24, 2010, Allen Fennell

promoted Williams to Acting Chief, and asked him to investigate the

disappearance of two BPD police cars (one of which was the Patrol Car) and

missing paperwork.  After concluding his investigation, Williams informed Allen

Fennell of the information he had collected. Allen Fennell requested that Williams

apply for a warrant for Plaintiff's arrest.  A warrant for the arrest of Plaintiff for the

crime of theft-by-taking was issued by the Magistrate Court of Paulding County on

December 22, 2007. Plaintiff was arrested on January 9, 2008.

## IV.    ARGUMENT AND CITATION OF AUTHORITY.

### A.    Because probable cause existed to arrest Plaintiff for theft by

---

[6]Before being named Acting Chief, Williams generally worked only once or twice a month for BPD.

**taking, Plaintiff does not have a valid claim for malicious prosecution or false arrest under 42 U.S.C. § 1983.**

If These Defendants were aware of facts and circumstances "sufficient to warrant a reasonable belief that [Plaintiff] committed or was committing" the crime of theft-by-taking, Plaintiff's § 1983 claims must fail as a matter of law. *Case v. Elsinger*, 555 F.3d 1317, 1327 (11th Cir. 2009); *Marx v. Gumbinner*, 905 F. 2d 1503, 1505-1506 (11th Cir. 1990) ("The existence of probable cause is an absolute bar to § 1983 actions for false arrest."); *Wood v. Kesler*, 323 F.3d 872, 881-882 (11th Cir. 2003) (lack of probable cause is an essential element of a § 1983 claim for malicious prosecution). "What facts and circumstances amount to probable cause is a pure question of law." *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 880 (1993); *Zohoury v. The Home Depot*, 239 Ga. App. 454 (1999) ("The existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court.")

The Eleventh Circuit has defined the evidentiary showing required for establishing the existence of probable cause in this way: "Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Even seemingly innocent activity can be the basis for probable

cause. Probable cause does not require overwhelming convincing evidence, but only reasonably trustworthy information." *Case v. Elsinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (internal citations omitted). Moreover, even if this Court finds that no probable cause existed to arrest Plaintiff, Plaintiff's § 1983 claims against Defendants Williams and Allen Fennell are barred by the doctrine of qualified immunity under the "arguable probable cause" standard because a reasonable officer knowing the facts outlined above "could have believed that probable cause existed to arrest" Plaintiff. *Elsinger*, 555 F.3d at1327 (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)).

> (i).    *Plaintiff's malicious prosecution claims fail because probable cause existed for his arrest and because These Defendants did not act with malice.*

The Eleventh Circuit has determined that a plaintiff must prove four elements[7] in order to establish a malicious prosecution claim under 42 U.S.C. § 1983.  These elements are: (a) a criminal prosecution; (b) with malice; (c) without probable cause; (c) that terminated in the accused's favor; and (d) that damaged the

---

[7] "Where a federal right of action is asserted, it is controlled by federal law." *Means v. City of Atl. Police Dept.*, 262 Ga. App. 700, 704 (2003). However, the Eleventh Circuit has adopted Georgia law with respect to the essential elements of the tort of malicious prosecution under a § 1983 action. *See Wood*, 323 F.3d at 881-882. But, as addressed in Section IV. A. (iii), the Eleventh Circuit has not adopted Georgia law with respect to the elements of a false arrest claim under § 1983.

accused. *See Wood v. Kesler*, 323 F.3d 872, 881-882 (11th Cir. 2003); *Kelly v. Curtis*, 21 F.3d 1544, 1556 (11th Cir. 1994). An officer has probable cause where an arrest is "objectively reasonable based on a totality of the circumstances." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). Under this standard, an arrest is valid where, under the facts and circumstances within an officer's knowledge, a reasonable officer would believe that a suspect has committed a crime. *Id*. Moreover, it is settled law in Georgia that a magistrate's issuance of a warrant is *prima facie* evidence of probable cause. *Monroe v. Sigler*, 256 Ga. 759, 760 (1987).

Under the facts outlined in Section III above, Williams had probable cause to believe that Plaintiff committed the crime of theft-by-taking. The magistrate judge of Paulding County agreed and issued a warrant for Plaintiff's arrest on December 22, 2007. In Georgia, the necessary elements of the crime of theft-by-taking are: (1) an unlawful taking or appropriation; (2) of the property of another person; (3) with the intent to deprive that person of his property. O.C.G.A. § 16-8-2.

Williams had probable cause to believe that each element of this offense had been committed by Plaintiff. Williams was aware, and Plaintiff does not deny, that Plaintiff took the fully equipped Patrol Car from the home of a Braswell police

officer.[8] (*See* Pl.'s Compl. at ¶ 65.) Williams therefore, had probable cause to believe that Plaintiff unlawfully took possession of the Patrol Car.

Based on (1) the Cashier's Check for $1,500 issued by the City of Braswell and made payable to the City of Powder Springs—which was actually delivered by a Braswell police officer to Williams while he was acting as an officer for the City of Powder Springs—for the purchase of the Patrol Car, (2) Williams' knowledge and receipt of the mutually executed Bill of Sale for the Patrol Car signed by representatives of both the City of Braswell and the City of Powder Springs, (3) Williams' receipt of the GCIC report confirming that the Patrol Car was not registered to Plaintiff, and (4) Williams' knowledge of the Georgia State Patrol Accident Report listing the City of Braswell as the owner and insurer of the Patrol Car, Williams had probable cause to believe the Patrol Car was not owned by Plaintiff.

---

[8] Assuming that Plaintiff took possession of the Patrol Car because he was not reimbursed for the purchase price of the vehicle—as he alleges—Plaintiff has not plead nor does he contend that he obtained a security interest in the Patrol Car, validly marked his lien on the title to the Patrol Car, or took any other actions granting him a legally recognizable right to repossess the Patrol Car or engage in any "self help" remedies under Georgia's version of the UCC. Thus, even under Plaintiff's theory of the case, his conduct in taking possession of the Patrol Car is still "unlawful." Additionally, even if Plaintiff wrongfully contends that he had a right to repossess the Patrol Car, he had no right to take the police equipment inside the vehicle which had been given to the City of Braswell.

And, as to the third element—intent to deprive that person of his property—Williams had probable cause to believe that Plaintiff intended to deprive Braswell of the Patrol Car when Plaintiff took possession of the Patrol Car, attempted to trade it for a Ford truck, and failed to return it to the City of Braswell.

Based on these facts, Williams had probable cause to believe that Plaintiff had committed the crime of theft-by-taking. As such, Plaintiff's malicious prosecution claims fails because he cannot prove that he was arrested without probable cause. These Defendants respectfully request that the Court direct a verdict in their favor on this issue.

Plaintiff's malicious prosecution claims also fail because Plaintiff cannot establish that These Defendants acted with malice. The malice required as an element of the torts of false arrest and malicious prosecution is the same: "'[a]lthough not expressly provided by statute, the malice contemplated by law in an action for malicious prosecution is the *same* as in an action for malicious arrest.'" *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 881 (1993) (emphasis in original) (internal quotation marks removed). Therefore, the cases evaluating the required element of malice in a false arrest context are applicable to a malicious prosecution claim. *Id.*

The Georgia Court of Appeals addressed the issues of malice and probable

cause and stated the plaintiff's burden as follows:

> The particular "malice" necessary to found a cause of action for false arrest (O.C.G.A. § 51-7-1) is "*personal spite* or . . . a *general disregard of the right consideration of mankind, directed by chance against the individual injured*." . . . O.C.G.A. § 51-7-2. The requisite "lack of probable cause" exists "when the circumstances are such as to justify a reasonable man that the accuser *had no ground for proceeding but his desire to injure the accused* . . . ." (Emphasis supplied.) O.C.G.A. § 51-7-3. Although this latter code section provides that such lack of probable cause "shall be a question for the jury," there is nothing to send to the jury when the plaintiff does not at least raise some evidence creating an issue of fact on the matter, as it is his duty to prove the elements of the tort.

*Pinkston v. City of Albany*, 196 Ga. App. 43, 46 (1990) (emphasis in original).

Moreover, "'[T]he law does not presume malice or animus against an officer

merely because in the discharge of his legal functions, he does an illegal act.'"

*Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 880 (1993) (quoting *Pinkston v.

City of Albany*, 196 Ga. App. 43, 44 (1990)) (alterations in original). The Georgia

Court of Appeals has addressed how the inference of malice applies:

> "Lack of probable cause is defined in O.C.G.A. § 51-7-43 as existing when the circumstances are such as to satisfy a reasonable man that the accuser had *no* ground for proceeding but his desire to injure the accused. Unless the facts regarding probable cause are undisputed, it is a question for the jury. However, where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonably hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for false arrest to recover."

*Northern Telecom, Inc. v. Wilkerson*, 219 Ga. App. 710, 712 (1995) (quoting

*Mayor & Alderman of City of Savannah v. Wilson*, 214 Ga. App. 170, 173 (1994),

*overruled on other grounds by Ferrell v. Mikula*, 295 Ga. App. 326 (2008) (en

banc), *cert. denied* (Mar. 9, 2009)) (emphasis added).  Furthermore, "[i]f probable

cause existed at the time defendant set the criminal proceeding in motion, plaintiff

cannot recover for malicious prosecution even if defendant had an improper

motive."  *Willis v. Brassell*, 220 Ga. App. 348, 353 (1996).

Here, because probable cause existed and because Plaintiff has adduced no

evidence of malice on the part of Williams, Plaintiff's claim for malicious

prosecution fails and the Court should direct a verdict in favor of These Defendants

on Plaintiff's malicious prosecution claims.

> (ii).    *Even if Plaintiff disputes the facts evidencing the existence of
> probable cause, Defendants Williams and Allen Fennell are
> immune from liability under the doctrine of qualified immunity.*

"'Government officials performing discretionary functions[9] are granted a qualified immunity shielding them from imposition of personal liability pursuant to 42 U.S.C. §1983 insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known.'" *Means v. City of Atl. Police Dept*., 262 Ga. App. 700, 705 (2003) (quoting *Thomas v. Holt*, 221 Ga. App. 345, 347-48(1) (1996)). "Absent probable cause, an officer is still entitled to qualified immunity if arguable probable cause existed." *Case v. Elsinger*, 555 F.3d 1317, 1327 (11th Cir. 2009); The "arguable probable cause" standard is a "'more generous standard that protects any officer who reasonably could have believed that his conduct was constitutionally reasonable.'" *Mincieli v. Bruder*, 914 F.Supp. 512, 517 (1994) (quoting *Anderson v. Creighton*, 483 U.S. 635, 648 (1987)).

As the United States Supreme Court has explained, "the qualified immunity standard gives ample room for mistaken judgments." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "'Unless a government agent's act is so obviously wrong [...] that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing,

---

[9] The decision to seek an arrest warrant is a discretionary act. *Anderson v. Cobb*, 258 Ga. App. 159, 160 (2002).

the government actor has immunity from suit.'" *Means v. City of Atl. Police Dept.*, 262 Ga. App. 700, 705 (2003) (quoting *Maxwell v. Mayor &c of Sav.*, 226 Ga. App. 705, 707(1) (1997)). When an arrest is made pursuant to a warrant, the shield of qualified immunity will be lost "only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 345 (1986). "Qualified immunity is a question of law for the courts." *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1558 (11th Cir. 1993).

Defendants Williams and Allen Fennell are immune from Plaintiff's claims for malicious prosecution because they had arguable probable cause to believe that Plaintiff committed the crime of theft-by-taking. Under the arguable probable cause standard, a court need not find that actual probable cause existed; rather, it need only find that an officer reasonably could have believed probable cause existed based on the facts he knew at the time. *Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003); *Wood v. Kesler,* 323 F.3d 872, 877 (11th Cir. 2003). During his investigation, the City of Powder Springs provided Williams with: (1) a copy of the Cashier's Check, remitted by the City of Braswell to purchase the Patrol Car; and, (2) the mutually executed Bill of Sale evidencing the sale of the Patrol Car from the City of Powder Springs to the City of Braswell. On December

22, 2007, Williams also received a phone call from a used car salesman alerting

Williams to the fact that Lucas was seeking to trade two Crown Ford Victoria

police cruisers for a Ford truck and that the police cruisers at issue were hidden

behind Lucas' garage in Floyd County.  These facts alone indicate that Williams

and Allen Fennell could have reasonably believed that probable cause existed to

arrest Plaintiff for the crime of theft-by-taking of the Patrol Car. This Court should

enter a directed verdict in favor of Defendants Williams and Allen Fennell on the

issue of qualified immunity.

> (iii).  *Because Plaintiff was arrested pursuant to an arrest warrant, he has no right to a claim for false arrest under 42 U.S.C. § 1983.*

A suspect has no right to a claim for false arrest under § 1983 where his

arrest was made pursuant to an "arrest warrant or is otherwise pursuant to some

legal process." *Joyce v. Adams*, 2007 WL 2781196 at * 3 (S.D. Ga. Sept. 20,

2007) (dismissing claims for false arrest and false imprisonment under § 1983

because suspect was arrested pursuant to a warrant; *see also Whiting v. Traylor,* 85

F.3d 581, 585 (11th Cir.1996) (stating that a claim for malicious prosecution is the

appropriate claim where a suspect has been unlawfully arrested as part of a

criminal proceeding); *Calero-Colon v. Betancourt Lebron*, 68 F.3d 1, 3 (1st Cir.

1995) (stating that where an arrest is made pursuant to a warrant, a claim based on

the Fourth Amendment more closely resembles the common law tort of malicious prosecution); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001) ("The issuance of an arrest warrant is an act of legal process that signals the beginning of a prosecution. Therefore, [the suspect's] § 1983 wrongful arrest claim seeks damages for confinement imposed pursuant to legal process, thereby making it akin to a malicious prosecution claim . . . .").

In the current matter, Plaintiff was arrested pursuant to an arrest warrant for which Williams applied. Because Plaintiff's federal claim for false arrest under § 1983[10] is predicated on an arrest made pursuant to an arrest warrant, Plaintiff has no right to assert this claim, and These Defendants respectfully request that the Court direct a verdict in their favor on this issue.[11]

> *(iv).  To the extent Plaintiff attempts to pursue any § 1983 claims against the City of Braswell, such claims fail because the City of Braswell has no policy or custom of arresting individuals without probable cause.*

---

[10] "Where a federal right of action is asserted, it is controlled by federal law." Means v. City of Atl. Police Dept., 262 Ga. App. 700, 704 (2003).

[11] Even assuming, for the sake of argument, that Plaintiff has a right to a false arrest claim, Williams—as detailed below in Part IV. A. (i). above—had probable cause to apply for a theft-by-taking arrest warrant for Plaintiff; therefore, Plaintiff's claim for false arrest is barred. *See Case v. Eslinger*, 555 F.3d at 1317, 1326-1327 (11th Cir. 2009).

Plaintiff's Complaint does not contain any allegations that the City of Braswell had a policy or custom of arresting individuals without probable cause. In fact, Plaintiff's Complaint specifically indicates that the § 1983 claims are asserted against the "Individual Defendants Only." (Pl.'s Compl. p. 23, 26.) Plaintiff further has not sought to amend his Complaint. For these procedural reasons, Plaintiff's § 1983 claims against the City of Braswell should fail. Plaintiff's § 1983 claim against the City of Braswell also fails as a matter of law.

In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-695 (1978), the United States Supreme Court held that a municipality cannot be found liable under 42 U.S.C. § 1983 based on *respondeat superior* or vicarious liability. *See also Means v. City of Atl. Police Dept.,* 262 Ga. App. 700, 705 (2003) (same); *Bd. of Co. Com'rs of Bryan Co., Okla. v. Brown*, 520 U.S. 397, 403 (1997) ("A municipality may not be held liable under § 1983 solely because it employs a tortfeasor."). Instead, the municipality itself must cause the constitutional violation at issue. "Local government may not be sued under § 1983 . . . [unless] execution of a government's policy or custom . . . inflicts the injury . . . ." *Id.* at 694.

As already shown, there was probable cause for Plaintiff's arrest. Thus, there was no Fourth Amendment violation. This is important because "an inquiry into a governmental entity's custom or policy is relevant only when a

constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381

(11th Cir. 1996).   Even if such a violation occurred, Plaintiff cannot state a claim

for municipal liability against the City of Braswell because the City of Braswell

does not have a policy or custom of making arrests without probable cause.

Accordingly, to the extent Plaintiff has asserted a claim against the City of

Braswell under § 1983, this Court should enter a directed verdict as to such claim

in favor of the City of Braswell.

**B.     Plaintiff's state law claims for malicious prosecution and false arrest fail because These Defendants had probable cause to arrest Plaintiff.**[12]

> *(i)     Lack of probable cause is an essential element of the torts malicious prosecution and false arrest under Georgia law.*

As an initial matter, the Georgia Court of Appeals has "note[d] that neither

false arrest nor malicious prosecution claims are favored under Georgia law."

*Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 74 (2000).  The Georgia

statutes define an action for false arrest as "[a]n arrest under process of law,

without probable cause, when made maliciously, shall give a right of action to the

party arrested."  O.C.G.A. § 51-7-1. Similarly, the tort of malicious prosecution is

---

[12] Plaintiff's counsel has repeatedly informed Defendant's counsel that Plaintiff will abandon and dismiss his state law claims. However, no dismissal of these claims has yet been filed by Plaintiff.

"[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted . . . ." O.C.G.A. § 51-7-40.

"Because it is public policy to encourage citizens to bring to justice those who are apparently guilty, *malicious prosecution suits are distrusted by the courts and an aggrieved party has an especially heavy burden*." *Kaiser v. Tara Ford, Inc.*, 248 Ga. App. 481, 486 (2001) (emphasis added). "In order to prevail [on a claim for malicious prosecution], a plaintiff must show: (1) prosecution for a criminal offense instigated by defendant; (2) issuance of a valid warrant, accusation, indictment, or summons; (3) termination of the prosecution in favor of plaintiff; (4) malice; (5) want of probable cause; and (6) damage to plaintiff." *Id.*

To establish either claim, Plaintiff must show that he was arrested without probable cause and that These Defendants acted with malice. As outlined in Section IV.A. (i) above, These Defendants had probable cause to arrest Plaintiff for the crime of theft-by-taking and there was no malice in seeking the arrest; therefore, this Court should grant a directed verdict in favor of These Defendants on Plaintiff's state law claims.

> (ii)   *Plaintiff's claims against Defendants Williams and Allen Fennell are barred by the doctrine of official immunity.*

In Georgia, official immunity "protects individual public agents from

personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness, malice, or corruption." *Williams v. Solomon*, 242 Ga. App. 807, 808 (2000) (holding that official immunity shields a municipal police officer from liability unless the officer acted with actual malice or with actual intent to cause injury). Moreover, a municipal officer is entitled to official immunity unless plaintiff proves that the officer acted with actual malice. *See Anderson v. Cobb*, 258 Ga. App. 159, 160 (2002) ("actual malice requires a deliberate intention to do wrong, as distinguished from implied malice.") "Ill will alone is insufficient to establish actual malice; [plaintiff] must show that [the police officer] acted with the deliberate intent to commit a wrongful act or with the deliberate intent to harm her." *Cobb*, 258 Ga. App. at 160.

Because These Defendants had probable cause and did not act with the deliberate intent to harm Plaintiff, this Court should grant a directed verdict in favor of These Defendants as to Plaintiff's state law claims.

> (iii)    *Plaintiff's state law claims against the City of Braswell are barred by the doctrine of Sovereign Immunity*.

It is the public policy of the State of Georgia that, except as expressly waived by a specific act of the Georgia legislature, "there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages." *Weaver v. City of*

*Statesboro*, 288 Ga. App. 32, 33 (2007). In Georgia, immunity from suit is a privilege, not a defense. *Wendelken v. Jenk, LLC*, 291 Ga. App. 30, 32 (2008). As such, a municipality's waiver of sovereign immunity must be established by the party seeking to benefit from the waiver. *Id.* Furthermore, any issues regarding the availability of sovereign immunity must be resolved before matters such as liability are considered. *See Cameron v. Lang*, 274 Ga. 122, 124-27 (2001).

"The defense of sovereign immunity to tort liability cannot be waived by the mere purchase of insurance coverage." *Woodard v. Laurens Co.*, 265 Ga. 404, 405 (1995). "The Georgia Constitution provides that only the General Assembly may waive the immunity of municipalities by law, which has been interpreted to require a specific statute from the legislature in which that immunity is expressly waived." *Weaver v. City of Statesboro*, 288 Ga. App. 32, 33 (2007) (citing GA. CONST. OF 1983, art. IX, § II, ¶ IX); *see also CSX Transp., Inc. v. City of Garden City*, 277 Ga. 248, 250 (2003) (cities enjoy sovereign immunity except to the extent such is expressly waived by an act of the Georgia legislature).

While Plaintiff's claims against the City of Braswell are apparently based on the theory of respondeat superior, Plaintiff fails to appreciate that a city is "liable in its official capacity for its officer's or employee's negligence in performing an official function, *only to the extent the [city] has waived sovereign immunity*."

*Crisp County School System v. Brown*, 226 Ga. App. 800, 804 (1997) (emphasis added) (citing *Gilbert v. Richardson*, 264 Ga. 744 (1994)).

In enacting O.C.G.A. § 36-33-3, the Georgia General Assembly specifically provided that "a municipal corporation shall not be liable for the torts of its policemen or other officers engaged in the discharge of the duties imposed on them by law." O.C.G.A. § 36-33-3. The immunity afforded a municipality under O.C.G.A. Section 36-33-3 insulates a municipality from liability arising from both the negligent and the intentional torts committed by its officers while performing governmental duties. *Williams v. Solomon*, 242 Ga. App. 807, 810 (2000); *see also Acker v. City of Elberton*, 176 Ga. App. 580, 581 (1985) ("'A municipal corporation is not liable for the illegal arrest of a person by its police officers, nor for his consequent imprisonment.'" (quoting *Gray v. Mayor & Council of Griffin*, 111 Ga. 361 (1900))).

Plaintiff has failed to cite to any legislative act providing for the waiver of a municipalities sovereign immunity under the factual scenario presented in this lawsuit. To establish that a municipality has waived its sovereign immunity by purchasing liability insurance coverage, the plaintiff must first prove: (1) that insurance protection covering his claims has been procured, and (2) the limits of the insurance coverage available. *Scott v. City of Valdosta*, 280 Ga. App. 481, 476

(2006).

"Our law does not allow a plaintiff merely to assume that insurance coverage exists." *Id.* Before a municipality can be deemed to have waived its sovereign immunity through the purchase of liability insurance, the plaintiff must affirmatively prove that his claims are covered by the municipality's insurance policy. *See Chamlee v. Henry County Bd. of Educ.*, 239 Ga. App. 183, 185-86 (1999); *see also CSX Transp., Inc. v. City of Garden City*, 277 Ga. 248 (2003). Without proof as to the existence and extent of the municipalities liability insurance coverage, the municipality is entitled to sovereign immunity and the plaintiff's claims fail as a matter of law. *Scott v. City of Valdosta*, 280 Ga. App. 481, 476 (2006). As explained in *Scott*:

> A policy of insurance covering the City has not been proven, and a determination of a waiver of sovereign immunity cannot be established if an insurance policy has not been furnished . . . Therefore, in the absence of any evidence as to the existence and extent of liability insurance, the trial court did not err by granting [summary] judgment to the City.

*Id*.; *see also Wendelken v. Jenk LLC*, 291 Ga. App. 30, 32 (2008) (holding that sovereign immunity barred the claims asserted against the city and the city employees acting in their official capacities because plaintiff failed to establish that the city maintained liability protection *that would cover the occurrences forming the basis of plaintiff's claims*).

Here, Plaintiff has failed to meet his burden of establishing that the City of Braswell waived its sovereign immunity.  Plaintiff has not introduced a copy of the city's liability insurance policy into evidence.  Nor has Plaintiff affirmatively proven that the City's insurance policy provides coverage for the intentional torts at issue in this case.  As such, the Court should grant a directed verdict in favor of the City of Braswell on the issue of sovereign immunity.

## V.    CONCLUSION.

Because probable cause existed to support Plaintiff's arrest for theft-by-taking, and because These Defendants did not act with malice or ill-will, and because Plaintiff's claims against These Defendants are barred by the doctrines of qualified immunity, official immunity, and sovereign immunity, this Court should grant a directed verdict in favor of These Defendants as to all claims asserted by Plaintiff.

Respectfully submitted this 22 day of November, 2010.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By:    */s/ C. King Askew*
      C. King Askew
      Ga. Bar No. 025400

By:    */s/ MARK M.J. WEBB*
      MARK M.J. WEBB

Ga. Bar No. 744639
*Attorneys for Defendants City of Braswell,*
*Walter A. Williams, and Allen Fennell*

P.O. Box 5007
Rome, Georgia 30162-5007
Office: (706) 291-8853
Fax: (706) 234-3574

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| ROBERT RICHARD LUCAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BRASWELL, GEORGIA,<br>WALTER A. WILLIAMS, RICHARD<br>FENNELL, and ALLEN FENNELL,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br>4:10-CV-0030-HLM |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **CITY OF BRASWELL, WALTER A. WILLIAMS AND ALLEN FENNELL'S TRIAL BRIEF** upon all parties herein by mailing a copy of the same in a properly-addressed envelope with adequate postage and/or by electronic filing to the following:

| | | |
|---|---|---|
| William J. Atkins<br>Atkins & Attwood, LLC<br>6400 Powers Ferry Road<br>Suite 112<br>Atlanta, Georgia 30339 | Natalie S. Woodward<br>Woodward & Stern, LLC<br>38 Sloan Street<br>Roswell, Georgia 30075 | H.L. Cromartie III<br>H.L. Cromartie, P.C.<br>P.O. Box 1897<br>Rome, Georgia 30162-<br>1897 |

[SIGNATURE FOLLOWS ON NEXT PAGE]

This 22 day of November, 2010.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By:     _/s/ MARK M.J. WEBB_
        MARK M.J. WEBB
        Ga. Bar No. 744639
        *Attorneys for Defendants City of Braswell,*
        *Walter A. Williams, and Allen Fennell*

P.O. Box 5007
Rome, Georgia 30162-5007
Office: (706) 291-8853
Fax: (706) 234-3574