IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ROBERT RICHARD LUCAS, | * | |
| Plaintiff, | * | CIVIL ACTION FILE |
| v. | * | NO: <u>4:10-CV-0030HLM</u> |
| CITY OF BRASWELL, GA. et al, | * | |
| Defendants. | * | |

### <u>TRIAL BRIEF SUBMITTED ON BEHALF OF THE PLAINTIFF ROBERT RICHARD LUCAS</u>

**COMES NOW,** Robert Richard Lucas ("Lucas"), Plaintiff in the above-styled action and hereby submits his <u>Trial Brief</u> to assist the Court in resolving matters of law that are likely to arise during the trial of this matter.

I. **INTRODUCTION**

This matter arises from Lucas' arrest, detention and prosecution pursuant to an arrest warrant secured by Defendant Walter Williams, acting in his capacity as Interim Police Chief for the Defendant City of Braswell, Georgia. Williams had Lucas' arrested and prosecuted at the direction of Defendants Allen Fennell and Richard Fennell, who were acting in their respective capacities as the City Manager and Mayor of the City of Braswell.

As reflected in the Consolidated Pre-Trial Order, Lucas brought claims for violation of the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 against the City of Braswell, Georgia, Walter Williams, Allen Fennell and Richard Fennell. Lucas originally pursued certain State law claims as well, but Lucas has since filed an <u>Unopposed Motion to Dismiss his State Law Claims Pursuant to Fed. R. Civ. Pro. 41(b)</u>. Accordingly, Lucas will only present his Federal civil rights claims to the jury.

Lucas' Federal civil rights claims present a number of discrete legal issues for the Court's determination including: (i) whether the Defendants were acting in their discretionary authority as public officials on behalf of the City of Braswell when they secured an arrest warrant for Lucas; (ii) whether one or more of the Defendants acted with "final policy making authority" in behalf of the City of Braswell; (iii) whether the Defendants' actions resulting in Lucas' arrest and prosecution were pursuant to a custom or policy of the City of Braswell; and (iv) whether any of the individual defendants are entitled to qualified immunity. Resolution of these discrete legal issues will depend in large part upon the nature and quality of the evidence produced at trial.

## II. ARGUMENT AND CITATION OF AUTHORITY

Lucas' Trial Brief summarizes the substantive law relevant to his remaining civil rights claims, addresses the law applicable to damages and focuses on the issues of municipal liability and qualified immunity. Lucas reserves the right to supplement his presentation of these matters to the Court based upon the nature and quality of evidence produced at trial.

### A. FALSE ARREST CLAIM

In this matter, the Defendants secured an arrest warrant for Lucas and accused him of committing the offense of Felony Theft By Taking. As this case involves an actual arrest warrant, rather than a warrantless arrest, Lucas' claims turn on application of clearly established Supreme Court and Eleventh Circuit authority in "warrant" cases. See generally, *Malley v. Briggs*, 475 U.S. 335, 344, 106 S. Ct. 1092 (1986); *Garmon v. Lumpkin County, Ga.*, 878 F.2d 1406, 1409-1410 (11th Cir. 1989).

At trial, Lucas must establish the following elements by a preponderance of the evidence: (1) That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested, seized or prosecuted without probable cause; (2) That in so doing the Defendants acted "under color" of state law; and (3) That the Defendants' acts were the proximate

or legal cause of damages sustained by the Plaintiff. Lucas addresses these three issues in turn.

    i.    <u>Probable Cause</u>

It is critical that the Court distinguish the **fact issue** determined by the jury by a preponderance of the evidence: **the presence or absence of probable cause**; from the **legal issue** decided by the Court as part of the first prong of the qualified immunity analysis: viewing the facts in the light most favorable to Lucas, whether **arguable probable cause** existed to support issuance of an arrest warrant? The issue of "arguable probable cause" is not a jury issue and should never be considered by the jury during its deliberations.

The Warrant Clause of the Fourth Amendment requires that all warrant applications contain sufficient information to establish probable cause. *Homes v. Kucynda et al*, 321 F.3d 1069, 1083 (11th Cir. 2003). Probable cause exists if, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect' had committed . . . an offense. *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534 (1991). It is not enough that an officer have a subjective belief that the "facts alleged in his affidavit are true;" the ultimate question is "**whether a reasonably well-trained officer would have known that**

**his affidavit failed to establish probable cause and that he should have not applied for the warrant.**" *Malley v. Briggs*, 475 U.S. at 345.

Lucas contends that the Defendants knowingly provided false, misleading and incomplete information to the Magistrate Court of Paulding County in order to secure an arrest warrant. They did so because they knew that a magistrate confronted with a warrant application based on a truthful, accurate and complete rendition of the relevant facts would never find probable cause sufficient to sign the warrant. Officers may be held liable for "submitting an application for an arrest warrant that contains false information." *Holmes v. Kucynda et al*, 321 F.3d 1069 (11th Cir. 2003) "[W]hen the Fourth Amendment demands a factual showing sufficient to comprise `probable cause,' the obvious assumption is that there will be a *truthful* showing." *Id.* at 1083.

It is undisputed that following an evidentiary probable cause hearing, Magistrate Court Judge Lisa Baty of Paulding County dismissed the prosecution against Lucas for want of probable cause. Thus, the jury must decide whether the Defendants knew or should have known that no probable cause existed at the time they originally secured the arrest warrant for Lucas.

ii. Color of State Law

Lucas submits that the Court should direct a verdict in his favor as to the second issue – color of law – at the conclusion of his case in chief. Alternatively, the individual defendants should stipulate that their actions were taken "under color of state law" in the interests of judicial economy as there is no reasonable dispute that each of the individual defendants acted within their discretionary authority at all times relevant to this matter.

It is undisputed that Walter Williams was acting in his capacity as Interim Chief of Police for the City of Braswell when he swore out the arrest warrant against Lucas. It is likewise undisputed that, when he took steps to secure a warrant for Lucas' arrest, Williams was acting at the direction of Allen Fennell who, in turn, was serving as City Manager for the City of Braswell. Finally, it is undisputed that Richard Fennell was acting in his capacity as Mayor for the City of Braswell at all times relevant to this action.

A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance

of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

Accordingly, even though Lucas contends, among other things, that: (i) Richard Fennell forged a check purportedly paid to Lucas; (ii) Williams unlawfully secured a Power of Attorney for the City of Powder Springs long after he ended his employment with Powder Springs; (iii) Williams intentionally misled the Mayor of Powder Springs in order to secure a replacement Title; and (iv) Allen Fennell demanded that Lucas be prosecuted despite knowing that Lucas had never been reimbursed for the vehicle, these acts were all taken under the cloak of official authority conferred to these individuals by their positions as public officials with the City of Braswell. There is no reasonable dispute as this issue and, accordingly, it should be decided as a matter of law at the conclusion of the Plaintiff's case in chief.

      iii.    <u>Causation & Damages</u>

As to the issues of proximate cause and damages, Lucas submits that the causal connection between the Defendants' wrongful actions and Lucas' economic and other injuries is readily apparent. His arrest, detention and prosecution stemmed solely from the Defendants' actions. His damages flow directly from the loss of liberty he suffered, including damage to his personal

and professional reputation, pain and suffering, and loss of past and future income opportunities.

**B.** <u>MALICIOUS PROSECUTION CLAIM</u>

The Eleventh Circuit has long recognized that malicious prosecution is a cognizable claim under the Fourth Amendment. *See e.g. Kelly v. Curtis et al, 21 F.3d 1544 (11th Cir. 1994); Whiting v. Traylor et al, 85 F.3d 581 (11th Cir. 1996); Uboh v. Reno, 141 F.3d 1000, 1002-1004 (11th Cir. 1998); Wood v. Kesler, 323 F.3d 872 (11th Cir. 2003); Kingsland v. City of Miami et al, 382 F.3d 1220 (11th Cir. 2004)(same).* The claim "arises by way of analogy to the common law tort of malicious prosecution," so courts look "to the common law for guidance as to the constituent elements of the claim." *Uboh, 141 F.3d at 1004.*

Georgia law provides that: "criminal prosecution which is carried on maliciously and without any probable cause and which causes damages to the person prosecuted shall give him a cause of action." O.C.G.A. § 51-7-40. Georgia's appellate courts have since announced six elements of a malicious prosecution claim: (1) a criminal prosecution; (2) instigated without probable cause; (3) with malice; (4) pursuant to a valid warrant, accusation, or summons; (5) that terminated in plaintiff's favor; and (6) caused the plaintiff damage. *See e.g. Gibbs v. Loomis, Fargo & Company et al, 259 Ga. App. 170, 173-74, 576 S.E.2d 589*

(2003). The Eleventh Circuit has adopted this standard in malicious prosecution cases arising in Georgia. *Uboh, 141 F.3d at 1004.*

Lucas submits that no issue of fact exists as to First, Fourth and Fifth elements of his malicious prosecution claim. It is not disputed that he was criminally prosecuted by the Paulding County District Attorney's office based upon the arrest warrant secured by the Defendants. It is not disputed that the arrest warrant was facially valid, although the presence or absence of probable cause remains a disputed fact. Finally, it is not disputed that the prosecution terminated in Lucas' favor, as the arrest warrant was dismissed by Judge Baty. The three remaining elements – probable cause, malice and proximate cause – are fact issues that must be determined by the jury.

### C. QUALIFIED IMMUNITY

A public official asserting qualified immunity must initially prove that "he was acting within his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002). If Defendants prove that they were acting within their discretionary authority when the allegedly wrongful acts occurred, the burden shifts to Lucas to show that the defense of qualified immunity is not appropriate. *Al-Amin v. Smith*, 511 F.3d 1317, 1324 (11th Cir. 2008).

Assuming <u>without conceding</u> that the Defendants <u>each</u> meet this threshold burden, Lucas addresses the remaining elements of the qualified immunity defense. In order to determine whether qualified immunity is appropriate, the Court must consider 1) whether Lucas has established a violation of a constitutional right and 2) whether the law surrounding the constitutional right is clearly established. As the Court will readily recognize at trial, none of the Defendants should reasonably expect to escape liability by the trap door of qualified immunity.

      i.    <u>Constitutional Violation: Arguable Probable Cause</u>

Solely for purposes of qualified immunity, the Court must separately determine whether, under the facts viewed in Lucas' favor – without weighing evidence or making credibility determinations – *arguable probable cause* existed to support the arrest warrant. Arguable probable cause exists if "**reasonable officers in the same circumstances and in possession of the same knowledge as the Defendants could have believed that probable cause actually existed to arrest the Plaintiff**." *Kingsland*, *supra*, at p. 1232. (emphasis added).

This is not a close question. Under Lucas's theory of the case, the Defendants presented demonstrably false and misleading facts to the magistrate court in the warrant application. Moreover, the Defendants intentionally

omitted facts that no objectively reasonable officer, acting without malice, would have omitted from a warrant application. Objectively reasonable officials do not lie, mislead or withhold critical information from magistrates when they secure arrest warrants for ordinary citizens. Arguable probable cause does not exist.

ii. <u>Clearly Established Law: Fair Warning</u>

This Circuit's "clearly established" law inquiry has evolved considerably since the Supreme Court's seminal decision in *Hope v. Pelzer*, *supra*. While officials must have *fair warning* that their acts are unconstitutional, there need not be a case on all fours, with materially identical facts, before we will allow suits against them. <u>Id</u>. at 1277) (emphasis added). Put another way, "officials can still be on notice that their conduct violates established law **even in novel factual circumstances**." *Hope*, 536 U.S. at 741 (emphasis added).

The broad principle that "an arrest without probable cause violates the Fourth Amendment" suffices in most instances as "fair warning" of the specific constitutional violation. *See, e.g., Von Stein v. Bresher*, 904 F.2d 572, 578 (11th Cir. 1990); *Vinyard, supra; Thornton v. City of Macon et al.*, 132 F3.d at l399; *Sheth v. Webster*, 145 F.3d at 1238; *Kingsland*, 382 F.3d at 1229; *Davis, supra*.

More specifically, the Supreme Court's decision in *Malley v. Briggs*, *supra*, clearly established that a law enforcement official who procures an arrest

warrant without probable cause violates the Fourth Amendment.  The Eleventh Circuit has applied *Malley* to deny qualified immunity where a warrant application was wholly deficient, *Garmon v. Lumpkin County, Ga.*, 878 F.2d 1406, 1409-1410 (11th Cir. 1989); where officers made false or misleading statements; *Holmes v. Kuycinda*, 321 F.3d 1069 (11th Cir. 2003);and where officers deliberately withheld (or ignored) exculpatory information from the warrant application. *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004).  There is no question that pre-existing law gave the Defendants "fair warning" that their actions violated Lucas' Fourth Amendment rights.

D.   MUNICIPAL LIABILITY

In order to prevail on the claim against the City of Braswell, Lucas must prove each of the following facts by a preponderance of the evidence: (1) that Lucas' was seized without probable cause; (2) that his arrest resulted from a custom or policy of the City of Braswell and (3) damages proximately caused by the City of Braswell's policy or custom.

To establish a policy or custom, Lucas must show a persistent and widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law."  In other words, a longstanding and widespread

practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal citations omitted); Cuesta v. School Board of Miami-Dade County, 285 F.3d 962, 966 (11th Cir. 2002).

However, a policy or custom may also include "**a single decision by municipal policy makers under appropriate circumstances**." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986) (emphasis added). Specifically, "where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly," provided that "the decision maker possesses **final authority** to establish municipal policy with respect to the action ordered." Id. at 481, 106 S.Ct. at 1299; *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915 (1988)(no meaningful administrative review); *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989).

Lucas submits that Williams acted pursuant to the final policy making authority of City Manager Allen Fennell and Richard Fennell in getting an arrest warrant for Lucas. The Braswell City Council delegated final policy making authority to Allen and Richard Fennell to address the issue of Lucas and patrol cars for the Braswell Police Department.

This 22nd Day of November, 2010.

Respectfully Submitted,

/s/ William J. Atkins                    /s/ Natalie Woodward
William J. Atkins                        Natalie Woodward
Georgia Bar No.: 027060                  Georgia Bar No.: 773827

ATKINS & ATTWOOD, LLC                    WOODWARD & STERN, LLC
6400 Powers Ferry Rd., Suite 112         38 Sloan Street
Atlanta, GA 30339                        Roswell, Georgia 30075
Phone: (404) 969-4130                    Phone: (770) 640-7667
Fax: (404)969-4140                       Fax: (770) 640-7866
E-Mail: batkins@aa-llc.com               E-Mail: natalie@woodwardstern.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| **ROBERT RICHARD LUCAS,** | * | |
| Plaintiff, | * | **CIVIL ACTION FILE** |
| v. | * | **NO: 4:10-CV-0030HLM** |
| **CITY OF BRASWELL, GA.** et al, | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **PLAINTIFF'S REQUESTS TO CHARGE** upon counsel for all parties by filing this document with the Court's CM/ECF process as follows:

| | |
|---|---|
| Mark Webb | H.L. Cromartie |
| Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP | 401 Broad Street, Suite 300 |
| P.O. Box 5007 | P.O. Box 187 |
| Rome, Georgia 30162-5007 | Rome, Georgia 30162-1897 |

This 17th day of November, 2010.

>           */s/William J. Atkins*
>           William J. Atkins
>           State Bar No. 027060

ATKINS & ATTWOOD, LLC
6400 Powers Ferry Rd., Suite 112
Atlanta, GA 30339
E-Mail: batkins@aa-llc.com